SIMON CARPENTER *vs.* HORACE DRURY.

In an action by the indorsee against the indorser on a promissory note made by the firm of C. & W., and protested for nonpayment, it appeared that the plaintiff guaranteed that C. should perform such award as arbitrators should make between him and W. in settling the affairs of their firm; that the award was not performed; that W. sued the plaintiff on his guaranty, recovered judgment for the penalty, and took execution for only part thereof, which the plaintiff satisfied; and that part of the award was, that C. should save W. harmless from payment of the note in suit. The defendant contended, on these facts, that he was entitled to judgment, in order to prevent circuity of action; but it was *held*, that there was no legal remedy which the defendant could enforce against the plaintiff by any circuity, and judgment was ordered for the plaintiff.

CONTRACT on a promissory note for five hundred dollars, made by the firm of Carpenter & Wallis, (which consisted of Reuben Carpenter and Frederick O. Wallis,) indorsed by the defendant,

and protested for nonpayment. The case was submitted to the judgment of the court on agreed facts, the substance of which is stated in the opinion.

*F. H. Dewey & A. J. Bartholomew*, for the plaintiff.

*G. F. Verry*, for the defendant.

CHAPMAN, C. J. The defendant, as indorser of the note in suit, is liable, unless the defence which he sets up is valid on the ground that it will avoid circuity of action. In order to determine whether it will do this, it is necessary to trace the relations that exist between the parties. By reference to the case of *Wallis* v. *Carpenter*, 13 Allen, 19, it appears that Reuben Carpenter and Frederick O. Wallis were copartners in business, and made the note as such. They were also copartners with Drury, the defendant. They dissolved their own copartnership, and settled their affairs by a reference to arbitrators. They also settled their affairs with Drury by a reference to the same arbitrators. The plaintiff made an agreement with Wallis, guaranteeing to Wallis, under a penalty of $1500, that Reuben Carpenter should perform such award as the arbitrators should make between him and Wallis.

A part of the award was, that Reuben Carpenter should save Wallis harmless from the payment of the note in suit. The award not having been performed, Wallis has sued the plaintiff on his guaranty, and recovered judgment for the penalty and taken out execution for $324.72, and the plaintiff has satisfied. If the plaintiff shall recover against Drury in this action, Drury may pay the judgment and recover of Reuben Carpenter and Wallis as makers, and if Wallis shall pay the judgment he may, at his election, have a *scire facias* to recover the amount against the plaintiff. But the defendant cannot have a *scire facias* on the judgment, or avail himself of it in any way; nor can he compel Wallis to enforce it. As there is no legal remedy which the defendant can enforce against the plaintiff by any circuity, there is no remedy which the court can apply directly in this action to prevent such circuity.

*Judgment for the plaintiff.*