**RISS & COMPANY, Inc., Plaintiff,**

v.

**ASSOCIATION OF AMERICAN RAIL-
ROADS et al., Defendants.**

**Civ. A. No. 4056–54.**

United States District Court
District of Columbia.

June 4, 1959.

See also 23 F.R.D. 211.

A. Alvis Layne, Jr., and Lester M. Bridgeman, Washington, D. C., for plaintiff.

Hugh B. Cox and James H. McGlothlin, Washington, D. C., for defendant Reading Co.

SIRICA, District Judge.

On December 9, 1954, Judge Alexander Holtzoff heard oral argument in connection with a motion filed by the defendant Reading Company to dismiss the action on the ground of improper venue. This motion was heard by him on the facts as presented by Reading Company affidavits and by its answers to plaintiff's interrogatories, and after full oral argument he denied the motion in an oral opinion from the Bench, which is found on pages 21 and 22 of the transcript of proceedings for that day. Said opinion reads as follows:

■■ "The Court: It seems to the Court that the case of this defendant is to be differentiated from the cases of the other defendants whose motions have so far been granted. Here, in addition to solicitation of business, and in addition to visits of representatives of the defendant to attend meetings of trade associations and similar organizations on business of the company, we have the further element that on two occasions in 1954 there was a joint operation of the defendant and other railroads into the District of Columbia. The Court appreciates that those two joint operations were sporadic and standing alone they might not be sufficient to constitute transaction of business in the District of Columbia. But all of the elements taken together, in the aggregate, in the opinion of this Court, constitute the transaction of business in the District of Columbia, bearing in mind the fact that the Supreme Court has held that the words "transacting business", as used in the Clayton Act [15 U.S.C.A. § 12 et seq.], are a broader and looser concept than the phrase "doing business" in some of the other statutes.

"This motion will be denied."

Thereafter, on October 19, 1956, Judge Henry Schweinhaut filed in this cause the following order:

"The defendant, Reading Company (No. 68), having moved, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, for a separate trial on the issue of venue, and the Court having considered fully the points and authorities filed by the plaintiff and by the Reading Company, and it appearing to the Court that the granting of said motion would further the convenience of the Court, as well as other parties to this proceeding, and also would avoid prejudicing the Reading Company, it is this 18th day of October, 1956,

"Ordered: That the Reading Company be, and it hereby is, granted a separate trial on the issue of whether venue is properly laid in the District of Columbia with respect to said defendant."

Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S.C.A., provides as follows:

"*Motion to Strike.* Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The Court has carefully considered the oral argument presented by respective parties before Judge Holtzoff on December 9, 1954 and his opinion in connection therewith, and the memoranda of points and authorities submitted by the parties

in connection with this motion, and all other matters of record in this case. The Court is of the opinion that Judge Holtzoff ruled properly in this case and, therefore, the order heretofore referred to entered by Judge Schweinhaut is set aside. By virtue of Rule 12(f), Federal Rules of Civil Procedure, the Court orders that the Twelfth Defense of the answer of defendant Reading Company filed on February 14, 1955 be stricken.

See opinion of this Court in the case of Riss & Co. v. Association of Western Railroads, D.C., 159 F.Supp. 288.

Counsel for plaintiff will present an appropriate order.