Robert A. KOLB, Jr., Plaintiff,

v.

CHRYSLER CORPORATION et al., Defendants.

Civ. A. No. 71-C-326.

United States District Court, E. D. Wisconsin.

May 1, 1973.

**506**

Carl F. Schetter, Milwaukee, Wis., for plaintiff.

Robert L. Swanson, Milwaukee, Wis., for defendants Chrysler Financial Corp. and Chrysler Credit Corp.

Victor M. Harding, Milwaukee, Wis., for defendants Chrysler Corp., Chrysler Motors Corp., Chrysler Realty Corp. and Waukesha Chrysler-Plymouth, Inc.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an antitrust action against Chrysler Corporation and its subsidiaries. The plaintiff, a former franchise dealer under Chrysler Corporation's Marketing Investments Division program, has brought twelve separate claims against defendants alleging, among other things, that their actions violate the antitrust acts, the Automobile Dealers Day in Court Act, the Lanham Trademark Act, and the Securities and Exchange Act of 1934 and, in addition, constitute fraud, tortious interfer-ence with plaintiff's business, breach of contract, and unfair competition. Defendants Chrysler Financial Corporation and Chrysler Credit Corporation have moved to dismiss on various jurisdictional and procedural grounds. Their motion is denied.

The defendants involved in this motion contend that plaintiff is bringing this action solely as a stockholder of the franchise corporation, Waukesha Chrysler-Plymouth, Inc., and that as such he has no standing to sue for damages caused the corporation by a violation of the antitrust laws. It is true that plaintiff cannot sue for damages sustained only by the corporation or for the loss in value of his stock caused by the damage to the corporation. Kauffman v. Dreyfus Fund, Inc., 434 F. 2d 727, 733 (3rd Cir. 1970); Loeb v. Eastman Kodak Co., 183 F. 704 (3rd Cir. 1910). This well settled rule has been established despite the broad language of § 4 of the Clayton Act which gives a right of action to all "who shall be injured in [their] business or property by anything forbidden in the antitrust laws" on the ground that the injury to a stockholder is "indirect." The authorities agree, however, that a stockholder may sue to recover for "direct" injuries to himself regardless of whether the same violation injured the corporation. Peter v. Western Newspaper Union, 200 F.2d 867 (5th Cir. 1953); Fanchon & Marco, Inc. v. Paramount Pictures, Inc., 202 F.2d 731 (2d Cir. 1953).

The plaintiff's position in this case is sufficiently different from that of an ordinary stockholder in a corporation for him to maintain this action. The agreement between the parties, which led to this controversy, involved more than just the exchange of money for shares of stock. Among other things, defendants promised plaintiff that he could gradually acquire complete ownership of the franchise by buying more stock with his share of the profits. Since plaintiff was the manager, his reputation, as well as his livelihood, was

bound up with the success of the franchise. To hold that antitrust violations which injure the franchise cannot be attacked by the franchisee would subvert the remedial purpose of the antitrust laws.

■ Plaintiff has standing to sue for certain damages in any event. To the extent plaintiff alleges defendants wrongly forced him to part with his shares for less than their real value, he is entitled to maintain his action. There is little doubt as to his right to relief should he show that the decline in value of his stock was not solely an indirect consequence of the franchise corporation's decline. Peter v. Western Newspaper Union, 200 F.2d 867 (6th Cir. 1953).

■ These defendants also contend that the complaint should be dismissed because the claims against them are not sufficiently particularized. The complaint alleges that all of the defendants have conspired to create a vertical combination in restraint of trade in the retail selling and leasing of automobiles. Many of the acts which allegedly led to the restraint of trade are described by plaintiff in paragraph 19 of the complaint. It is true that the alleged role in the conspiracy of these defendants, i. e., Chrysler Finance Corporation and Chrysler Credit Corporation, is not described in any detail. Construing the complaint in the light most favorable to plaintiff, however, I do not find that this defect is fatal.

"Antitrust litigation may be of wide scope and without a central point of attack, making the defense diffuse, prolonged, and costly. Consequently, many defense lawyers have strongly advocated more particularized pleading in antitrust cases; * * *. No special formula of pleading is required or sanctioned in antitrust cases. The liberal rules of pleading are as ap-

plicable to antitrust cases as to any other cases.

\* \* \* \* \* \*

" * * * A cause of action is sufficiently shown by a pleading alleging that because of the defendants' combination, the plaintiff could not secure all of a commodity required by his business, and was deprived of customers and the profit upon his legitimate business as theretofore existing. * * * " ·54 Am.Jur.2d, §§ 273, 279, Monopolies, etc., at 824, 826 (1971). The great difficulties and expense often involved in trying antitrust cases make defendants' attempt to avoid a trial understandable. Other courts, however, have responded to this problem:

"The sad truth is that these cases are likely to prove laborious in any event and that there is no real substitute for trial, although pre-trial conferences and orders may greatly speed the result. But a considerable part of federal litigation is of a lengthy and burdensome nature and we are not justified in frowning on a Congressional policy so definitely cherished as is this, a policy which is, after all, the cause of our troubles. And while as appellate judges we would help our brethren at the crucial trial state where we could, the experience, as generally noted, shows that attempts at special pleading are definitely not the remedy. * * * " Nagler v. Admiral Corporation, 248 F.2d 319, 326 (2 Cir. 1957).

■ Defendant Chrysler Financial Corporation finally contends that it is not amenable to suit in this district. Both personal jurisdiction and venue are said to be lacking. The parties agree that under the antitrust laws, the Automobile Dealer's Day in Court Act, and the Securities and Exchange Act, venue exists if the corporation transacts business in this district. 15 U.S.C.A. §§ 15, 22, 77v, 78aa, and 1222.[1] Since plaintiff

1. The words "or transacts business" were added to 15 U.S.C.A. § 22 when Congress passed the Clayton Act in 1914.

The addition of the words was intended to remedy the difficulties in enforcement of the antitrust policy apparent under the

is suing upon a federally-created right, personal jurisdiction exists as long as the corporation has sufficient contacts with Wisconsin to satisfy due process.[2] International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Fraley v. Chesapeake and Ohio Railway Co., 397 F.2d 1 (3rd Cir. 1968). See also Wright, Law of Federal Courts, Ch. 10, § 64 at 268 (2d ed. 1970).

■ Other courts have made it clear that "transacting business" as used in the antitrust laws has a meaning independent of other definitions of the terms in other state and federal laws. Bertha Bldg. Corp. v. National Theatres Corp., 140 F.Supp. 909 (D.C.N.Y.1956); Crawford Transport Co. v. Chrysler Corp., 191 F.Supp. 223 (D.C.Ky.1961). For instance, the terms have a broader meaning than the phrase "doing business" in the federal venue statute, 28 U.S.C. § 1391(c); Riss & Co. v. Ass'n of American Railroads, 24 F.R.D. 7 (D.D. C.1959); or in Wisconsin's long-arm personal jurisdiction statute, Wis.Stats. § 262.05(1)(d). "Transacting business" under the Antitrust Act means the "practical, everyday business or commercial concept of doing or carrying on business 'of any substantial character' * * *." United States v. Scophony Corporation, 333 U.S. 795, 807, 68 S.Ct. 855, 861, 92 L.Ed. 1091 (1948).

■ What constitutes transacting business must be decided on the particular facts of each case. Aro Manufacturing Co. v. Automobile Body Research Corp., 352 F.2d 400, 403 (1st Cir. 1965). Precedents thus offer little assistance. Yonce v. Miners Memorial Hospital Ass'n, Inc., 161 F.Supp. 178 (W.D.Va. 1958).

The materials submitted to the court show that defendant Chrysler Finance Corporation is a wholly-owned subsidiary of Chrysler Corporation and conducts a credit business primarily through its subsidiary Chrysler Credit Corporation. Neither Chrysler Corporation nor Chrysler Credit Corporation has denied that it transacts business in the state. The principal place of business of Chrysler Finance Corporation is in Southfield, Michigan. No officers or employees reside in Wisconsin, nor is the company authorized to do business here. Issuing short term commercial paper to finance the sale of automobiles appears to be the company's major enterprise. Issuing banks sell the paper to customers in virtually every state including Wisconsin. Though Chrysler Finance has not located any of the issuing banks in Wisconsin, it has established lines of credit with four Wisconsin banks. Chrysler Finance Corporation also solicits potential purchasers of its commercial paper in the state by telephoning them and by periodically sending an agent from Chicago into the state to meet with them. In view of all the circumstances, especially the regularity with which the company solicits in the state, I conclude that it is transacting business here. See Banana Distributors, Inc. v. United Fruit Co., 269 F.2d 790 (2d Cir. 1959).

The contacts between the corporation and the state noted above also satisfy the requirements of due process and establish personal jurisdiction. The corporation's proximity to the state, its exercise of the privilege of conducting activities here, and the occurrence of the alleged injury here support this decision. Indeed the decision follows a fortiori from the opinion of the United States Supreme Court in McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

earlier act. Eastman Kodak Co. v. Southern Photo Materials Co., 273 U.S. 359, 47 S.Ct. 400, 71 L.Ed. 684 (1927).

2. In diversity cases, in contrast, where the right sued upon is state created, state law determines whether a corporation is subject to suit in the federal courts located in the state. Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963). In such cases personal jurisdiction must often be predicated on the state's long-arm statute. See, e. g., Wis. Stats. § 262.05.

It is therefore ordered that the motions of defendants Chrysler Credit Corporation and Chrysler Finance Corporation to dismiss the causes of action against them be and they hereby are denied.