SIDERIUS, INC., & another[1] *vs.* PAUL SRIBERG & others.[2]  July 29, 1983.
*Guaranty.  Practice, Civil,* Summary judgment.  *Corporation,* Stockholder.

This action was brought by Siderius, Inc., and its wholly owned subsidiary, Federal Steel Corporation, against Paul Sriberg, the former majority stockholder, director and president of the plaintiffs' customer, Roll Form Products, Inc. (Roll Form).  The complaint alleged default by Sriberg on two guarantees, one to each plaintiff, whereby he guaranteed the payment of all indebtedness that was owed by Roll Form to the plaintiffs. Sriberg filed an answer alleging four affirmative defenses and a counterclaim seeking damages for defective steel and late deliveries.  The plaintiffs responded with a motion to strike the affirmative defenses and to dismiss the counterclaim.  Sriberg responded with a motion to amend his answer by adding another affirmative defense.  A Superior Court judge gave notice to counsel that he intended to treat the plaintiffs' motions as motions for summary judgment and granted further time for counsel to file additional materials.  *Capodilupo* v. *Petringa,* 5 Mass. App. Ct. 893, 894 (1977).  The plaintiffs responded with their own motion for summary judgment and attached affidavits and other materials.  Sriberg also submitted additional materials.  After a hearing, a Superior Court judge denied Sriberg's motion to amend his answer by adding another affirmative defense, dismissed his counterclaim, and, based on the pleadings, affidavits and exhibits, granted summary judgment for the plaintiffs against Sriberg.  The case comes before us on Sriberg's appeal.

1. The judge was correct as matter of law in dismissing Sriberg's counterclaim.  Any cause of action arising from the plaintiffs' late delivery of steel or the defective condition of the steel accrued to the corporation (Roll Form) and, subsequently, to Roll Form's trustee in bankruptcy, but not to Sriberg in either his role as guarantor of Roll Form's debt, *Carpenter* v. *Drury,* 100 Mass. 89 (1868), or as the former majority stockholder of Roll Form.  *Shaw* v. *Harding,* 306 Mass. 441, 448 (1940).  The record does not support Sriberg's contention that, owing to Roll Form's insolvency and as a matter of equity, he is entitled to assert Roll Form claims.  See generally, *In re Yale Exp. Syss., Inc.,* 362 F.2d 111 (2d Cir. 1966); *In re Eastern Freight Ways, Inc.,* 577 F.2d 175 (2d Cir. 1978).  Nor do the affidavits recite facts sufficient to raise a genuine issue of material fact regarding consequential damages that might be available to Sriberg by way

---

[1] Federal Steel Corporation.

[2] Robert M. Sriberg, as trustee of Roll Form Products, Inc. Pension Plan and Trust; Robert M. Sriberg, as trustee of Mid Cape Equity Trust; The First National Bank of Boston, as trustee of Roll Form Products, Inc., Pension Plan and Trust; Howard I. Rosen, as trustee of Pine Hill Realty Trust; William E. Cobb, as trustee of Mid Cape Equity Trust; Jersey Steel & Strip, Inc.; and Emprise Trucking Co., Inc.  These defendants were named as stockholders in order to reach and apply assets thought by the plaintiffs to be owned or controlled by Sriberg.

of set off. *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. 178, 181 (1979), citing *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554 (1976).

2. Summary judgment was properly granted against Sriberg. (a) Sriberg's argument that there was a failure or absence of consideration necessary to support the guarantees, is without merit. The facts were undisputed that, at the time of the signing of the guarantees, Roll Form owed the plaintiffs a substantial sum of money and Sriberg acknowledged that the president of Siderius told him that his superiors were "breathing down his neck" over the size of the debt. At the time of the signing of the guarantees, the plaintiffs had the right to cut off all credit to Roll Form and stop all future deliveries. After the guarantees were signed, Siderius continued to make shipments of steel to Roll Form. Siderius also continued to accept payments against Roll Form's past due accounts. Those actions by the plaintiffs clearly constituted the "extension of credit" recited as consideration for the guarantee. *James J. Sullivan, Inc.* v. *Cann's Cabins, Inc.*, 309 Mass. 519, 521 (1941). See also G. L. c. 140D, § 1. There is no ambiguity inherent in the term "credit" and its interpretation was matter of law, properly decided by the court. *Sparks* v. *Microwave Associates, Inc.*, 359 Mass. 597, 600 (1971). *Edwin R. Sage Co.* v. *Foley*, 12 Mass. App. Ct. 20, 28 (1981). (b) The interpretation of the unambiguous term "release," as inserted in the contract of guarantee by Sriberg, was properly considered to be matter of law. *Edwin R. Sage Co.* v. *Foley, supra.* Siderius' acceptance of a plan of arrangement, developed during bankruptcy proceedings by Roll Form's creditors and trustee in bankruptcy, did not constitute a release of any part of Roll Form's indebtedness in violation of the contract of guarantee. See *B.M.C. Durfee Trust Co.* v. *Steiger*, 296 Mass. 136, 138-139 (1936). See also *Guild* v. *Butler*, 122 Mass. 498, 499 (1877). Compare *Merrimack Valley Natl. Bank* v. *Baird*, 372 Mass. 721, 725 (1977). (c) Facts sufficient to establish the necessary elements of the affirmative defense of estoppel, *Cellucci* v. *Sun Oil Co.*, 2 Mass. App. Ct. 722, 728 (1974), S.C., 368 Mass. 811 (1975), were neither alleged in the pleadings nor affirmed by affidavit. *A. John Cohen Ins. Agency, Inc.* v. *Middlesex Ins. Co.*, 8 Mass. App. Ct. at 181. (d) On examination of the pleadings, affidavits, supporting materials, and exhibits it is clear that there are no remaining issues of material fact to be tried. Those issues cited by Sriberg are unsupported by specific affirmations of fact, involve questions of law, or are not material to the outcome.

3. Sriberg's motion for permission to submit a supplemental brief to argue an additional issue is denied. We have nevertheless examined the issue sought to be raised and conclude that it is without merit.

*Judgment affirmed.*

*Gerald P. Tishler* (*Preston W. Halperin* with him) for the defendants.
*Joseph D. Steinfield* (*Judith S. Shaw* with him) for the plaintiffs.