**CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO, Plaintiff and Counterdefendant,**

v.

**John R. STANLEY, Defendant and Counterplaintiff.**

No. 84 C 0142.

United States District Court, N.D. Illinois, E.D.

June 4, 1984.

---

3. Cases, including those cited by Companion, granting declaratory relief prior to judgment in the underlying tort action are distinguishable on the facts. Where an insured is denied coverage, and not afforded a defense, the issue of which insurance company is primarily liable and thereby bound to defend is a justiciable controversy ripe for declaratory judgment. *See, e.g., West Am. Ins. Co. v. Allstate Ins. Co.*, 295 F.2d 513 (10th Cir.1961); *County of Wyoming, N.Y. v. Erie Lackawanna Ry. Co.*, 360 F.Supp. 1212 (W.D.N.Y.1973), *aff'd*, 518 F.2d 23 (2d Cir.1975), *Vance Trucking Co. v. Canal Ins. Co.*, 243 F.Supp. 469 (W.D.S.C.1965). The Third Circuit has made this distinction as well. *Transport Indem. Co. v. Home Indem. Co.*, 535 F.2d 232, 234 n. 2 (3d Cir.1976); *Globe Indem. Co. v. St. Paul Fire & Marine Ins. Co.*, 369 F.Supp. 102, 104 (3d Cir.1966).

Robert F. Finke, Watson B. Tucker, Beverly J. Klein, Mayer, Brown & Platt, Chicago, Ill., for plaintiff and counterdefendant.

Roger J. McFadden, Roger L. Longtin, Thomas J. Dillon, Schuyler, Roche & Zwirner, Chicago, Ill., for defendant and counterplaintiff.

## ORDER

BUA, District Judge.

Before the Court is plaintiff Continental Bank's motion to dismiss defendant John R. Stanley's counterclaims. Defendant Stanley has pleaded eight counterclaims: Counts I–III allege violations of Section 1 of the Sherman Antitrust Act, 15 U.S.C. § 1; Count IV alleges violations of the Bank Holding Company Act Amendments of 1970 (BHCA), 12 U.S.C.A. § 1971 *et seq.*; Count V alleges unlawful duress; Count VI alleges breach of fiduciary duty; Count VII alleges tortious interference with GHR's business; and Count VIII alleges unjust enrichment.

Continental bases its motion to dismiss these counterclaims on John R. Stanley's lack of standing. Continental states that the counterclaims allege damage to companies of which Stanley is a stockholder, not to Stanley. For the reasons stated herein, Continental's motion is granted in part and denied in part.

## I.

This suit has been brought by Continental individually and as loan agent for thirteen other banks against John R. Stanley to recover on Stanley's personal guaranty in connection with loans made by Continental and the other banks to four companies controlled by Stanley.

The complaint alleges that Continental and the other banks loaned the four companies, GHR Energy Corporation, GHR Pipeline Corporation, GHR Transmission Corporation, and Southern Petroleum Trading Company, Ltd., the principal amount of $750 million, and that pursuant to that loan agreement Stanley guaranteed the payment of GHR's obligations. The complaint further alleges that GHR is in default in its repayment of the loans in the amount of approximately $413 million. Accordingly, judgment is sought against Stanley on his guaranty for the unpaid principal and interest.

Stanley has, in his answer, interposed various affirmative defenses and asserted the aforementioned counterclaims. John R. Stanley is, directly or indirectly, the controlling shareholder of the companies to which Continental made the loans.

## II.

In determining whether Stanley can maintain the antitrust counterclaims (Counts I–III), the Court must find that Stanley suffered an antitrust injury and that he is the party who can most efficiently vindicate the purposes of the antitrust laws. *In re Industrial Gas Antitrust Litigation*, 681 F.2d 514, 516–17 (7th Cir. 1982).

Stanley argues that the injuries suffered by him are the result of his direct contractual relationship with the bank, and that the injuries, although arising from the same facts and circumstances, are separate and distinct from the injuries suffered by the GHR Companies. However, a close reading of these Counts of the counterclaim indicates that the harm and actions alleged were directed not at Stanley, but at the GHR Companies.

■■■■ This Court does not decide now whether Stanley was the victim of an antitrust injury or not, for it is apparent that Stanley is not the "appropriate antitrust enforcer." "[A] determination of antitrust standing should focus not only on whether there has been an 'antitrust injury,' but also whether the particular plaintiff is the appropriate antitrust enforcer... An appropriate balance is achieved by granting standing only to those who, as consumers or competitors, suffer immediate injuries with respect to their business or property, while excluding persons whose injuries were more indirectly caused by the antitrust conduct." *In re Industrial Gas Antitrust Litigation*, 681 F.2d at 520.

The injuries Stanley alleges are directly to GHR and indirectly to himself. The "separate and distinct" injuries that Stanley alleges are the result of antitrust injuries to GHR, and only incidentally effect Stanley as a stockholder and guarantor. If there is an antitrust injury, it is to GHR, not to Stanley, and GHR is the "appropriate antitrust enforcer." [1]

The cases cited by Stanley that allow a stockholder standing to sue on antitrust violations are distinguishable from the instant case. In general, those cases allow standing for direct injuries to the stockholder, not for injuries derived from injuries to the corporation. *Kolb v. Chrysler Corp.*, 357 F.Supp. 504 (E.D.Wisc.1973), *W. Clay Jackson Enterprises v. Greyhound Leasing*, 463 F.Supp. 666 (D.P.R.1979). Others grant standing under the Automobile Dealers' Day in Court Act, which is inapposite as it contains a unique broad definition of "automobile dealer" for the purposes of standing. *DeValk Lincoln Mercury, Inc. v. Ford Motor Company*, 550 F.Supp. 1199 (N.D.Ill.1982).

---

**1.** Indeed, in a suit currently pending in the U.S. District Court for the Southern District of New York, GHR has sued Continental and three of the other banks alleging the very claims which form the basis for Stanley's counterclaims in the case at bar.

The U.S. Supreme Court recently affirmed the proposition that in order to have standing as a plaintiff in antitrust proceedings, the party must have suffered *direct* injuries as the result of antitrust violations and be the proper plaintiff to bring the action. *Associated General Contractors v. California State Council of Carpenters,* 459 U.S. 519, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). In the instant case Stanley alleges antitrust violations directed at GHR, and asserts harm to himself only as a result of activities by Continental aimed at GHR. As Stanley alleges injuries which were the indirect result of antitrust violations, and acknowledges that any antitrust activities that may have occurred were primarily directed at GHR, the Court finds that Stanley is not the "appropriate antitrust enforcer" and Counts I–III of his counterclaim must be dismissed because he lacks standing.

### III.

■ Count IV of the counterclaim alleges violations of the Bank Holding Company Act, 12 U.S.C.A. § 1971 *et seq.,* particularly subparagraphs (C) and (E) of § 1972(1). In asserting his standing to proceed on this count, Stanley relies on the judicial interpretation of "customer" for the purposes of this act. In an analogous case, the Fifth Circuit held that stockholders of a corporation who were guarantors of a loan made to the corporation had standing to bring suit under the Bank Holding Company Act. *Swerdloff v. Miami National Bank,* 584 F.2d 54 (5th Cir.1978). In reaching this decision the court examined the legislative history of the Act and looked at the plain meaning and usage of the word "customer." The court concluded that the legislature intended the protections of the BHCA to extend to stockholders of closely held corporations who guaranteed the obligations of the corporation. 584 F.2d at 59. This Court agrees with the holding of the Fifth Circuit, and concludes that Stanley, as a stockholder and guarantor, has standing to pursue his counterclaim under the BHCA.

### IV.

Although Counts V through VIII allege different actions on Continental's part, the central issue is whether Stanley has standing to maintain these common law claims. All of these Counts allege actions directed primarily at GHR, and only incidentally at Stanley. Stanley asserts that the same factual situation which has given rise to a cause of action for the corporation can given rise to separate and distinct causes of action on his behalf.

Stanley relies for his authority on two cases, *Buschmann v. Professional Men's Association,* 405 F.2d 659 (7th Cir.1969), and *Empire Life Insurance Co. of America v. Valdak Corp.,* 468 F.2d 330 (5th Cir.1972). This Court does not disagree with the holdings in these cases, rather we find that they are not applicable to the instant case. In both *Buschmann* and *Empire* the plaintiffs had a contractual relationship with the defendants that was separate from that of the corporation. In both cases the harm that the plaintiffs alleged was different in kind than that suffered by the corporations and arose from the plaintiff's direct contractual relationship with the defendants.

■ In the instant case, the actions Stanley alleges in Counts V–VIII are directed at GHR, and based on Continental's contractual relationship with GHR. The injuries allegedly suffered by Stanley are the result of injuries allegedly suffered by GHR, not based on any independent contractual relationship Stanley had with Continental.

[5] This Court follows the established rule that when the injury alleged is to the corporation, the cause of action accrues to the corporation, not the stockholders. *Siderius, Inc. v. Sriberg,* 16 Mass.App. 962, 452 N.E.2d 259 (1983). While this rule does not apply where the stockholder shows a violation of a duty owed directly to him, this exception does not arise merely because the acts result in damage to both the corporation and the shareholder. *Schaffer v. Universal Rundle Corp.,* 397 F.2d 893, 896 (5th Cir.1968).

In his counterclaims for Counts V–VIII, Stanley has not pleaded independent causes of action. Instead, he has pleaded corporate causes of action in his name. The Court holds that Stanley does not have standing to maintain Counts V–VIII of the counterclaim.

## V.

For the above-stated reasons the Court grants the motion to dismiss Counts I, II, III, V, VI, VII, and VIII of the counterclaim and denies the motion to dismiss Count IV of the counterclaim.

IT IS SO ORDERED.