**Eduardo FERRER, Plaintiff,**

**v.**

**Charles CARRICARTE, Defendant.**

**Civ. No. 90–1378 HL.**

United States District Court,
D. Puerto Rico.

Nov. 6, 1990.

Gerardo A. Carlo, Carlo & Troncoso, San Juan, Puerto Rico, for plaintiff.

Fernando J. Fornaris–Fernandez, Luis Berrios–Amadeo, Cancio, Nadal & Rivera, San Juan, Puerto Rico, for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

This matter is before the Court on defendant Charles Carricarte's ("Carricarte") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, defendant's motion to dismiss is granted.

## I. FACTS

Plaintiff Eduardo Ferrer ("Ferrer") is the sole shareholder of a boat dealership, Villa Marina Yacht Sales, Inc., Villa Marina Yacht Harbour, Inc., and San Juan Bay Marina, Inc. ("Villa Marina"). Defendant Carricarte is the international sales manager of Bertram–Trojan, Inc. ("Bertram"), a manufacturer of luxury yachts and boats. In January 1981, Villa Marina entered into a Sales and Service Agreement with Bertram, whereby Villa Marina would act as the exclusive distributor and dealer for Bertram yachts, boats and accessories in Puerto Rico. Diversity jurisdiction is the basis upon which the Court entertains this suit.

As alleged in the complaint, between February, 1986 and November, 1988, Pedro Rivera Fullana ("Rivera") was employed by Villa Marina as the sales manager. Due to Rivera's position at Villa Marina, he had frequent contact with defendant Carricarte regarding the business practices and operations of the dealership. In April 1989, Bertram informed Villa Marina that it intended to terminate their Sales and Service Agreement. Thereafter, in August 1989, Bertram publicly announced that it had appointed Yacht Center, which is owned by Rivera, as its exclusive representative in Puerto Rico.

Addressing plaintiff's claims, count one of plaintiff's complaint alleges that Carricarte tortiously interfered with Villa Marina's contract with Bertram by "offering" Rivera his own dealership and then, with Rivera, wrongfully caused Bertram to mistrust Ferrer and thereby breach its contract with Villa Marina. Count two alleges that Carricarte tortiously interfered with Villa Marina's prospective business advantage, and, knowing that Ferrer was the sole shareholder of Villa Marina, thereby intended to harm Ferrer. The complaint further alleges that Carricarte made false statements regarding Ferrer's business practices, and as a result, "Villa Marina has lost economic advantage and business".

## II. DISCUSSION

Defendant Carricarte's motion to dismiss the complaint flailed at various ideas upon which to rely, none of which were clearly set forth. Indeed, the Court remarks on the paucity of relevant caselaw or legal reasoning in both the plaintiff and the defendant's supporting briefs. Interpreting defendant's motion to dismiss as one for failure to state a claim upon which relief may be granted, the Court notes that, in accordance with accepted standards, plaintiff's complaint will be dismissed only if it appears beyond a reasonable doubt that plaintiff can prove no set of facts entitling him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). In making its determination, this Court considers only the facts and allegations as set forth in the complaint and must view them in a light most favorable to plaintiff. *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir.1976).

Defendant Carricarte raises the fatal issue of plaintiff's standing to bring this action. The complaint clearly states that Ferrer brings this action as an individual,

by virtue of his status as the sole shareholder of Villa Marina. It is also clear from the complaint that Ferrer, in his individual capacity, was never a party to the contract between Villa Marina and Bertram, Carricarte's employer. Thus, there was no duty owed by Carricarte to Ferrer individually, arising out of a source independent of his status as shareholder. *Mullins v. First National Exchange Bank of Virginia,* 275 F.Supp. 712, 722 (W.D.Va. 1967). This lack of any direct relationship between Ferrer and Carricarte "presents an insuperable hurdle to his case." *Kush v. American States Insurance Co.,* 853 F.2d 1380, 1383 (7th Cir.1988).

■ The general rule in this jurisdiction, as in others, is that a stockholder of a corporation has no personal or individual right of action against a third person for damages that result indirectly to the stockholder because of an injury to the corporation. *See, e.g., In re Dein Host, Inc.,* 835 F.2d 402, 405–406 (1st Cir.1987); *Alford v. Frontier Enterprises, Inc.,* 599 F.2d 483, 484 (1st Cir.1979); *Kush,* 853 F.2d at 1383. A shareholder is entitled to sue only where there is a direct injury to the share-holder in his or her individual capacity, independent of any duty owed the corporation. *Continental Illinois National Bank & Trust Co. v. Stanley,* 585 F.Supp. 1385, 1388 (N.D.Ill.1984).

■ Thus, the issue squarely before this Court is whether Ferrer, as the sole stockholder of Villa Marina, suffered a personal injury in his individual capacity, arising independently from any duty owed to Villa Marina. As has been shown, only Villa Marina, and not Ferrer, was a party to the contract, and thus there was no duty owed to Ferrer individually. Moreover, looking now to the alleged injury suffered by Ferrer, a close examination of the complaint reveals that any harm to Ferrer resulted solely from his role as shareholder. In-

deed, the allegations of damages in the complaint consistently refer to Villa Marina, and not Ferrer, as the injured party. For instance, the complaint states that Ferrer's "actual damages" were that, *inter alia,* "Villa Marina has lost and continues to lose valuable clients and customers"; "Villa Marina and Ferrer have suffered injury to their established name and substantial good will"; "Villa Marina has lost, and continues to lose, revenue"; and "Villa Marina has lost economic advantage and business." In sum, the complaint states that, "[s]ince Ferrer is the sole shareholder of Villa Marina, he suffered the economic harm caused by the actions of Carricarte."

It is abundantly clear from the face of the complaint that the harm, if any, was sustained by Villa Marina, and that Ferrer's injuries stem only from his role as sole shareholder. The law is clear that Ferrer, even as sole shareholder of Villa Marina, may not claim the corporation's damages as his own.[1] The rationale for this legal principle is firmly based in the fundamentals of corporate law. Ferrer chose to operate his business in corporate form, rather than as an unincorporated sole proprietorship. The corporate form is advantageous in many respects, including that of limitation of personal liability. P.R.Laws Ann. tit. 14, §§ 421 *et seq.* In exchange for limited liability, Ferrer forfeited the right of direct legal action to redress an injury to him as sole shareholder. *Kush,* 853 F.2d at 1384. As the First Circuit aptly put it, the plaintiff "is attempting to use the corporate form both as shield and sword at his will", and this is not permissible. *Alford,* 599 F.2d at 484. In choosing the corporate form, plaintiff Ferrer has reaped its benefits; he may not now disregard its existence in order to avoid its disadvantages. *Terry v. Yancey,* 344 F.2d 789, 790 (4th Cir.1965).

---

1. *See, e.g., Alford,* 599 F.2d at 484–85 (where defendant's sole dealings were with the corporation and it never had any business relationship with the principal shareholder, and where any harm was sustained by the corporation, not the shareholder, the shareholder lacked standing to bring an action for tortious interference with contractual relationships); *Sirinakis v. Colonial Bank,* 600 F.Supp. 946, 953, fn. 10 (S.D.N.Y. 1984) (even where president and principal shareholder claims that defendant destroyed his business reputation and good will, "it is clear that the ultimate damage suffered was to his businesses").

This principle of forfeiture of the right of direct action may seem harsh in the context of a sole shareholder, since, after all, it is he who is harmed by injury to the company. The impact on a minor shareholder of a large publicly held company would obviously be much less than that on a principal shareholder of a closely held company. *Kush*, 853 F.2d at 1384. However, Ferrer's substantial ownership interest in Villa Marina does not persuade the Court to deviate from this doctrine. *See, e.g., In re Dein Host, Inc.*, 835 F.2d at 406.

■ Although not relied on in the Court's decision, it is notable that Villa Marina initiated an action, which is still pending in this district, against defendant Carricarte on the same grounds as the action herein. *Villa Marina Yacht Sales, Inc. v. Bertram Yacht*, civil no. 89–0313(CC). Generally, where the corporate entity has already sued, and the interest of the shareholders is adequately represented by the corporation, a separate action brought by the shareholders cannot proceed. *Vanderboom v. Sexton*, 460 F.2d 362 (8th Cir.1972) (involving shareholder class action). Even if plaintiff Ferrer was able to assert the breach of a duty owed directly to him, thereby obtaining standing, the law does not permit both the corporation and the shareholder to assert the same cause of action. *Sound Video Unlimited, Inc. v. Video Shack, Inc.*, 700 F.Supp. 127, 137 (S.D.N.Y.1988). Such a double recovery would be unjust.

Plaintiff Ferrer's claims against Carricarte for tortious interference with Villa Marina's Sales and Service Agreement and for tortious impairment of Villa Marina's business are vested solely with the corporation and not Ferrer. Plaintiff Ferrer has no standing to maintain this action.

WHEREFORE, this action is dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.