Sanders, Janet L., J.
In this legal malpractice case, A. Todd McMahon asserts claims for damages against his former attorney, Lawrence H. Gennari, and Choate, Hall & Stewart, LLP (Choate), the law firm at which Gennari previously was a partner.[1] McMahon is a former shareholder and guarantor of Bluewater Holding Corporation (Bluewater), a company whose financial failure and bankruptcy allegedly resulted from the malfeasance of its then Chief Executive Officer, Daniel H. Potter and his associates. According to the First Amended Complaint, Potter was recommended by Gennari to run Bluewater, despite Gennari’s knowledge of claims that Potter had embezzled assets and committed numerous other illegal acts as an executive at another company that he and his associates had managed into bankruptcy. The complaint alleges that, had McMahon known the truth about Potter, a different CEO would have been hired. As a result of Potter’s subsequent mismanagement of Bluewater, McMahon’s stock lost value and a Bluewater creditor enforced McMahon’s personal guaranty, resulting in an attachment of his property.
The defendants now move to dismiss McMahon’s complaint pursuant to Mass.R.Civ.P. 12(b)(6), arguing, among other things, that he lacks standing to assert claims which belong only to Bluewater. See Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998), citing Doe v. The Governor, 381 Mass. 702, 705 (1980) (lack of standing can be basis for dismissal for failure to state claim upon which relief can be granted). This Court agrees, and therefore concludes that the Motion to Dismiss must be Allowed.
Although McMahon alleges that he was instrumental in the decision to hire Potter such that if he had not made the recommendation, Bluewater would have hired someone different, there is no dispute that Potter worked for Bluewater, not McMahon. Moreover, there is no dispute that the losses for which McMahon seeks to be compensated are the diminution of the value of his Bluewater equity and the enforcement of his personal guaranty of its debt — losses which occurred because Potter allegedly mismanaged the company. Corporate mismanagement resulting in lower stock prices cannot form the basis for an individual shareholder’s lawsuit against the wrongdoer, however. Hurley v. Federal Deposit Ins. Corp., 719 F.Sup. 27, 30 (D.Mass. 1989), citing 12B W. Fletcher, Cyclopedia of the Law of Private Corporations §5907 et seq. (1984). The law provides that only the corporation, as the directly injured party, has standing to bring such claims, with the individual stockholder’s loss being derivative in nature. See generally Jackson v. Stuhlfire, 28 Mass.App.Ct. 924, 924 (1990), and authorities cited (describing shareholder derivative actions). “It is only where the injuiy sustained to one’s stock is peculiar to him alone and does not fall alike upon other stockholders that one can recover as an individual.” Roeder v. Alpha Industries, Inc., 814 F.2d 22, 30 (1st Cir. 1987). The instant case, brought by McMahon individually, contains no such allegation.
McMahon’s status as a guarantor of Bluewater’s corporate debt does not change the analysis. Guarantors are in effect debt investors whose fortunes rise and fall with the company’s successes and failures. As one court explained, they are “contingent creditors” who, *403 like original creditors, cannot recover directly for injury inflicted on a business. See Mid-State Fertilizer Co. v. Exchange Nat’l Bank of Chicago, 877 F.2d 1333, 1335-36 (7th Cir. 1989). Thus, where individual guaranties of corporate debt have to be enforced as a result of a corporate mismanagement resulting in bankruptcy, individual guarantors “must take their place in line as creditors in the bankruptcy action, dependent now as before on the success of the firm in which they invested.” Ibid. They cannot directly sue those they believe responsible for the corporation’s failure, since that is a cause of action belonging only to the company. See Siderius, Inc. v. Sribert, 16 Mass.App.Ct. 962, 963 (1983) (rescript) (counterclaim by personal guarantor dismissed for lack of standing); see also Weissman v. Weener 12 F.3d 84 (7th Cir. 1993) (dismissing corporate guarantor’s legal malpractice case alleging that corporate counsel’s advice drove corporation into bankruptcy).
In opposing the motion, McMahon argues that the wrongdoing at issue occurred in the context of an attorney-client relationship that existed between McMahon individually and Gennari as his personal lawyer, before Bluewater even existed. Specifically, the Complaint asserts that Gennari failed to disclose certain material information about Potter'and that, “but for these misrepresentations, McMahon would never have involved Potter in his business and would never have agreed to become a personal guarantor.” See Amended Complaint, ¶¶47-48. As already noted, however, Potter worked for Bluewater, not McMahon, and the losses suffered were the result of the failure of the corporation, not a business owned by McMahon as a sole proprietor. Moreover, as the defendants point out, plaintiff cannot separate out the allegedly wrongful conduct from the harm that was suffered, since there is no cause of action without an injury. The essential elements of a legal malpractice claim include reliance, causation, and damages. Colucci v. Rosen, Goldberg Slavet Levenson & Wekstein, 25 Mass.App.Ct. 107, 109 (1987). Here, reliance, causation, and damages all took place after the formation of Blue-water and occurred in the context of Potter’s management of the corporation. In short, this claim belongs to Bluewater, not McMahon.
CONCLUSION AND ORDER
For the foregoing reasons, the defendants’ Motion to Dismiss is ALLOWED and it is hereby ORDERED that the Amended Complaint be DLSMLSSED with prejudice.

 Although Array Financial Services, Inc. (Array) is named as a plaintiff in the complaint, McMahon, who apparently wholly owns Array, does not oppose its dismissal from the case.